UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT JOSEPH M.,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 1:24-cv-00139-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending is Plaintiff Scott Joseph M.'s Complaint for Review of Social Security (Dkt. 1), appealing the Social Security Administration's denial of his disability claim. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

On July 1, 2022, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 30, 2021. This application was originally denied on November 23, 2022, and again on reconsideration on March 31, 2023. On or around May 31, 2023, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On October 30, 2023, ALJ Luke Brennan held a telephonic hearing, at which time Plaintiff, appearing pro se, testified. Sydney A. Thompson, an impartial vocational expert, also appeared and testified at the same hearing.

On November 29, 2023, the ALJ issued a decision denying Plaintiff's claims, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff timely requested review from the Appeals Council. On January 16, 2024, the Appeals Council denied

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Plaintiff brings this case. He raises two points of error: (i) the ALJ failed to include Plaintiff's left-shoulder and right-hand conditions as medically determinable impairments; and (ii) the ALJ failed to address and analyze every medical opinion in the record before formulating Plaintiff's residual functional capacity ("RFC"). Pl.'s Brief at 4-12 (Dkt. 16). As a result of these errors, Plaintiff claims that the assigned RFC is incomplete, and the ALJ's reliance on it is harmful reversible error. *Id*. at 4, 12-13. Plaintiff in turn requests that the Court reverse the ALJ's decision and remand for further proceedings. *Id*. at 13.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the

**MEMORANDUM DECISION AND ORDER - 2**

ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. DISCUSSION

#### A.   The Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay

**MEMORANDUM DECISION AND ORDER - 3**

or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant has not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ found that Plaintiff engaged in SGA during the following periods: October 1, 2021 through June 30, 2022.  AR 13.  Even so, the ALJ determined that there has been a continuous 12-month period during which Plaintiff did not engage in SGA.  AR 14 ("The remaining findings address the period(s) the claimant did not engage in [SGA].  The remaining findings also address the period the claimant engaged in [SGA], as alternate findings.").

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Here, the ALJ found that Plaintiff has the following severe medically determinable impairments: "degenerative disc disease of the lumbar spine with radiculopathy; post-laminectomy syndrome; degenerative disc disease of the cervical spine; obesity; hyperopia; and major depressive disorder."  AR 14.

The third step requires the ALJ to determine the medical severity of any impairments, that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R.

**MEMORANDUM DECISION AND ORDER - 4**

Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ concluded that Plaintiff's above-listed medically determinable impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. AR 14-16.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 § 404.1567(a) where he can lift and/or carry up to ten pounds occasionally and a negligible amount of weight frequently. He can sit for a total of up to six hours in an eight-hour workday. He can stand and/or walk for a total of up to two hours in an eight-hour workday, for up to thirty minutes at a time. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He can occasionally balance. He can occasionally stoop. He can occasionally kneel. He can occasionally crouch. He can never crawl. He must avoid concentrated exposure to vibration. He can never work around hazards (e.g., exposed heights or moving machinery). He can perform simple, routine tasks. He can occasionally interact with others. He can tolerate occasional changes to the work routine.

AR 16-19.

**MEMORANDUM DECISION AND ORDER - 5**

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled. Here, the ALJ found that through the date last insured, Plaintiff was not capable of performing his past relevant work as a cook and gunner. AR 19-20. Even so, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, he was able to work as a dowel inspector, table worker, and inserter. AR 20-21. Based on these findings, the ALJ concluded that Plaintiff was not disabled. AR 21.

**B.    Analysis**

Plaintiff raises three interrelated arguments. He first argues that the ALJ failed to include his left-shoulder and right-hand conditions as medically determinable impairments at step two of the sequential process. Pl.'s Brief at 4-8 (Dkt. 16). He then argues that the ALJ failed to address all the medical opinions before formulating his RFC. *Id*. at 4, 8-12. As a result of these alleged shortcomings, he finally argues that the ALJ's RFC assessment at step four of the sequential process is necessarily incomplete, and thus, the ALJ's reliance on it at step five of the sequential process constitutes reversible error. *Id*. at 4, 12-13. These arguments are addressed below.

   1.    <u>The ALJ Properly Evaluated Plaintiff's Medically Determinable Impairments</u>

At steps two and three of the sequential process, an ALJ must determine whether a claimant's medically determinable impairment, or combination of impairments, is of a severity to meet or medically equal the criteria of a listed impairment. *Supra*. If so, that claimant is disabled. *Id*. But critically, all medically determinable impairments – even those not deemed

**MEMORANDUM DECISION AND ORDER - 6**

severe – must be considered when determining a claimant's RFC at step four of the sequential process. 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, *including your medically determinable impairments that are not 'severe,'* . . . when we assess your residual functional capacity.") (internal citations omitted, emphasis added). Plaintiff argues that, even though the ALJ concluded that he had several severe medically determinable impairments, he nonetheless ignored this directive by failing to additionally consider his left-shoulder and right-hand conditions as medically determinable impairments (whether severe or not). Pl.'s Brief at 5-8 (Dkt. 16). Plaintiff claims that these impairments impact his ability to work and, thus, the ALJ erred in not incorporating their corresponding limitations into his RFC. *Id.*

Defendant disagrees, countering that the distinction between non-severe and severe medically determinable impairments is immaterial since the ALJ decided step two in Plaintiff's favor and the ALJ's RFC analysis at step four accounted for all of Plaintiff's medically determinable impairments – both non-severe and severe. Def.'s Brief at 2 (Dkt. 18) (describing step two as "'merely a threshold determination meant to screen out weak claims'" and that the RFC assessment "should 'be exactly the same regardless of whether certain impairments are considered severe or not'") (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017)). To emphasize this point, Defendant highlights how the ALJ considered the opinions of State agency physical health consultants, Drs. Ann Cordum and Michal Spackman. They addressed Plaintiff's alleged shoulder and hand problems when evaluating Plaintiff's physical limitations and ability to work. *Id.* (citing AR 18). The Court agrees.

As part of their evaluations, Drs. Cordum and Spackman recognized that Plaintiff alleged a litany of health concerns, including shoulder and hand injuries. *See* AR 58 (for Dr. Cordum: "Clmt alleges spine injuries, shoulder injury, leg injuries, hip injuries, and hand injuries."), 66

**MEMORANDUM DECISION AND ORDER - 7**

(for Dr. Spackman: "Clmt alleges spine injuries, shoulder injury, leg injuries, and hip injuries."). They ultimately concluded that, despite Plaintiff's impairments, he retains the ability to perform light work with postural and environmental limitations. AR 57-63, 65-75. Notably, the ALJ adopted every limitation these two doctors identified, but nonetheless found that Plaintiff was *more* limited than either of them believed. *Compare* AR 16 (the ALJ's RFC assessment and stating: "In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence"), *with* 60-62 (Dr. Cordum's RFC assessment), 69-72 (Dr. Spackman's RFC assessment). Plaintiff does not challenge the ALJ's analysis of these medical providers' findings. Nor does he respond to Defendant's arguments in these corresponding respects. *See* Pl.'s Reply Brief (Dkt. 19). Substantial evidence therefore exists to support the ALJ's evaluation of Plaintiff's medically determinable impairments.

Additional reasons exist to uphold the ALJ's step two determination as well. First, Plaintiff's testimony about these conditions, without more, is not enough to establish a medically determinable impairment. *See* Pl.'s Brief at 6 (Dkt. 16) (discussing Plaintiff's testimony). To be medically determinable, an impairment must "result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921. It must be established by objective medical evidence, not a claimant's statement of symptoms or a mere diagnosis. *Id*. ("We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)."); *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005).

Second, Plaintiff's citations to the medical record about his left-shoulder and right-hand conditions fail to establish them as medically determinable impairments. *See* Pl.'s Brief at 6-7 (Dkt. 16). Many records predate his alleged onset date of September 30, 2021. *See, e.g.*, AR

**MEMORANDUM DECISION AND ORDER - 8**

465 ("Begin Date: 11/22/2015" for "left shoulder rotator cuff tendinitis"); 392-93 ("Disability Benefits Questionnaire" from Kevin L. Campbell, M.D., on May 21, 2021); 467-68 ("Begin Date: 08/15/2020" for "sprain right thumb"); 594-96 ("claimed" condition of "right thumb tendonitis as of January 5, 2021); 303 (pain with range of motion as of February 2, 2021); 516-17 (tenderness to palpation as of March 1, 2019); 518-23 (right thumb tendonitis as of January 5, 2021).  "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm. of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *see also infra*. Other records altogether fail to evidence any significant workplace limitations connected to these conditions. *See, e.g.*, AR 392 ("thumb condition is assessed as mild enough to continue conservative therapy with topical treatments as needed"); 517 & 595 ("at this point, his pain is not too severe and we will begin conservatively with a thumb splint"); 598 (range of motion in right hand listed as "all normal" and "pain noted on exam but does not result in/cause functional loss"); 303 ("normal strength of flexors and extensors, normal grip").

  Third, Plaintiff does not identify any evidence in the record suggesting that the ALJ's RFC assessment did not properly incorporate all of his limitations.  That is, Plaintiff fails to identify particular limitations that the ALJ neglected to address that are attributable to these alleged additional medically determinable impairments, beyond what the ALJ already considered as part of Plaintiff's RFC (due to his degenerative disc disease of the lumbar spine with radiculopathy, post-laminectomy syndrome, degenerative disc disease of the cervical spine, obesity, hyperopia, and major depressive disorder).  *See Yanchar v. Berryhill*, 720 F. App'x 367, 370 (9th Cir. 2017 (unpublished) (finding that a plaintiff had not shown that she was harmed by the ALJ's classification of her depression as non-severe, where the plaintiff pointed to evidence that she was diagnosed with depression but did not "identify any functional limitations stemming from" the diagnosis that the ALJ failed to consider as part of the RFC).  The Court "rejects[s]

**MEMORANDUM DECISION AND ORDER - 9**

any invitation to find that the ALJ failed to account for [additional medically determinable impairments and their associated limitations] in some unspecified way." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009).

Remand is not warranted on this issue.

2. <u>The ALJ Properly Evaluated the Medical Opinions</u>

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. The new regulations provide that an ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." 20 C.F.R. § 416.920c. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 416.920c(a), (b); *see also* 20 C.F.R. § 416.920c(c) (discussing the factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings, including the most important factors: supportability and consistency). Plaintiff argues that the ALJ failed this directive by not addressing and analyzing every medical opinion in the record before formulating his RFC, in particular the opinions of Drs. Kevin Campbell and Natalie Anne Domangue-Shiflett. Pl.'s Brief at 8-12 (Dkt. 16).

Defendant concedes that the ALJ declined to address these opinions, explaining that any resulting error was harmless because neither opinion pertained to the relevant time period under consideration. Def.'s Brief at 3 (Dkt. 18). Specifically, Defendant argues that these opinions predated not only Plaintiff's alleged onset date of September 30, 2021 by several months, but also Plaintiff's undisputed substantial gainful activity working for the Boise Rescue Mission from that alleged onset date through June 30, 2022. *Id*. (citing AR 13). According to Defendant, "[o]pinions from long before his admitted work activity, and even before his own alleged onset of disability, were not significant or probative of Plaintiff's functioning during the period under

**MEMORANDUM DECISION AND ORDER - 10**

the ALJ's consideration." *Id*. Plaintiff, again, does not respond to Defendant's arguments in these respects. *See* Pl.'s Reply Brief (Dkt. 19).

The Ninth Circuit has "repeatedly held that an ALJ need not discuss all evidence presented to [him]. Rather, [an ALJ] must explain why significant probative evidence has been rejected." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193-95 (9th Cir. 2022) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)) (internal quotation marks omitted). Here, the opinions that Plaintiff submits the ALJ improperly ignored do not qualify as significantly probative evidence. To start, they do not squarely address Plaintiff's functional limitations in ways that are inconsistent with the ALJ's RFC assessment. *See* AR 393 (Dr. Campbell commenting that Plaintiff's functioning "could be problematic" or "may make physical or strenuous activities problematic"); 598 (Dr. Domangue-Shiflett noting that Plaintiff's pain does not result in functional loss). This is made more obvious by the fact that these opinions existed before Plaintiff's alleged onset date, and before Plaintiff engaged in substantial gainful activity. In short, these conditions existed before Plaintiff even alleged he was disabled. *See Carmickle*, 533 F.3d at 1165 (questioning relevance of medical opinions that predated the plaintiff's alleged onset of disability). Likewise, these conditions, at least as commented upon by these two medical providers, did not prevent Plaintiff from thereafter engaging in substantial gainful activity. *See White v. Colvin*, 2016 WL 5109519 at *7 (E.D. Wash. 2016) (finding medical opinions preceding substantial gainful activity inconsistent with the plaintiff's inability to work). Plaintiff does not dispute these circumstances. Therefore, in light of the balance of the ALJ's analysis of the medical evidence, substantial evidence exists to support the ALJ's evaluation of the medical opinions, including the ALJ's decision not to discuss the opinions of Drs. Campbell and Domangue-Shiflett.

Remand is not warranted on this issue.

**MEMORANDUM DECISION AND ORDER - 11**

Because the ALJ properly evaluated Plaintiff's medically determinable impairments as well as the medical opinions (*supra*), there is no basis to reject the ALJ's RFC assessment as incomplete or lacking substantial evidence.

## IV.  **CONCLUSION**

The ALJ, as fact-finder, must weigh the evidence, draw inferences from facts, and determine credibility.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ.  The ALJ has provided reasonable and rational support for his conclusions, even if such evidence is susceptible to a different interpretation.  Accordingly, the ALJ's decisions as to Plaintiff's disability claim were based upon proper legal standards and supported by substantial evidence. The Commissioner's decision is affirmed and Plaintiff's Complaint for Review of a Social Security (Dkt. 1) is denied.

## V.  **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is AFFIRMED, that Plaintiff's Complaint for Review of a Social Security (Dkt. 1) is DENIED, and this action is DISMISSED in its entirety, with prejudice.



DATED:  March 30, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**